POMEROY (UNITED STATES v.). See Case No. 16,065.

POMEROY (WILKINSON v.). See Cases Nos. 17,674 and 17,675.

## Case No. 11,262.
### POMERY v. SLACUM.
[1 Cranch, C. C. 578.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.[2]

BILLS AND NOTES—INDORSER'S LIABILITY—NOTICE OF PROTEST.

1. A Virginian, indorser of a bill of exchange drawn in Barbadoes, is liable to fifteen per cent. damages.

2. Notice of the protest must be given before suit brought.

Debt against the indorser of a bill of exchange drawn by Cadogan, at Barbadoes, in favor of the defendant, on merchants in England, indorsed by the defendant to the plaintiff in Alexandria, but not accepted nor paid.

Mr. Swann, for defendant, contended that the defendant is not liable to the fifteen per cent. damages under the act of assembly of the 12th November, 1792, p. 113. The act means bills drawn in Virginia. The defendant is not liable for more than he can recover from Cadogan. He becomes liable only as the drawer is liable, his responsibility follows the nature of that of the drawer, it is governed by the lex loci where the original contract was made.

Mr. Taylor, contra. The words of the act of assembly are general and apply to bills drawn anywhere, so far as to bind any person who draws or indorses a bill in Virginia. It is a new contract.

Mr. Swann, in reply. The act is an old act, made when the trade was carried on here by factors who advanced money to the planters and took their bills. The indorser is only a security; he is liable for whatever the drawer is liable for, and no more. The value in current money is not stated in the indorsement.

THE COURT was of opinion that the indorser in Virginia is liable to the fifteen per cent. damages, although the bill was drawn in Barbadoes, where the damages are only ten per cent.

THE COURT also instructed the jury that it is necessary that they should be satisfied that the plaintiff had reasonable notice of the protest for non-payment before the suit brought. It is a necessary part of the plaintiff's cause of action.[3]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 6 Cranch (10 U. S.) 221.]

[3] The opinions of this court in this case were affirmed by the supreme court of the United States (6 Cranch [10 U. S.] 221), although the judgment was reversed for a defect in the declaration, not noticed in this court.